Submitted on record and briefs October 5, affirmed December 6, 1989

HULL et al,
dba The Top Potatoe,
*Respondents,*

*v.*

FITZSTEPHENS et al,
*Appellants.*

(86-0601C; CA A48050)

783 P2d 38

Melvin E. Smith, Roseburg, filed the briefs for appellants.

Fred C. Nachtigal and Rich & Nachtigal, Hillsboro, filed the brief for respondents.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendants appeal from the judgment in this action arising out of their sale of a mobile Pickwick Potatoe Oven to plaintiffs. Plaintiffs pleaded five claims, all of which centered on defendants' alleged misrepresentation that necessary licenses from the state Health Division and the City of Portland were obtainable. The trial court entered a judgment in plaintiffs' favor on their negligent misrepresentation claim. Defendants contend in each of their four assignments only that the trial court erred in the damages award. We affirm.

■    Defendants' first and second assignments are that damages were not proved or were not calculated in accordance with assertedly relevant provisions of the Uniform Commercial Code. They argue:

> "Plaintiffs' Second Cause of Action can be fairly construed as an allegation of breach of warranty of fitness for a particular purpose or breach of express warranty. Although the pleadings do not specifically allege a breach of warranty, the substance of the claim is that the goods were represented by defendants to have certain characteristics."

Plaintiffs respond that the UCC theory was not presented to the trial court and that the case in general and the claim on which they prevailed were pleaded and tried by both parties as being for tortious misrepresentation. We agree, and we reject the first two assignments.

■    Defendants' third assignment is that the court erred "in failing to deduct the salvage value of the potatoe oven and the serving cart from plaintiffs' damages." Plaintiffs contend that they proved that the goods were valueless to them and that any deduction of the salvage value was a "matter of mitigation" that defendants had to prove. Again, we agree with plaintiffs. *See Jack Jacobs, Inc. v. Allied Systems Co.,* 68 Or App 554, 683 P2d 1011, *rev den* 298 Or 37 (1984). The evidence of residual value did not compel a finding in favor of defendants, the party with the burden of proof.

■    In their remaining assignment, defendants assert that the "court made an arithmetic[al] error in its computation of" damages. They maintain that, given the formula that the court used, the evidence requires a different calculation. Plaintiffs say that they, too, "are not certain how the trial

judge obtained the dollar amount of damages," but that there was evidence, given the court's formula, to permit an award that was greater than the one given. Plaintiffs contend, nevertheless, that defendants have not demonstrated that the finding of damages was erroneous. Plaintiffs are correct. If defendants' intended point is that there is no evidence to support the finding, their assignment of error is not sufficient to raise the point or to show that it was preserved. Moreover, their argument does not succeed in making the point. All that they show is that, when certain evidence is considered, a different figure is yielded from the one at which the trial court arrived. As plaintiffs argue, the parties' uncertainty about how the court figured the damages, and their presentation of alternative calculations, do not suffice to establish that there was no evidence to support the award. *See Fort Hill Lumber v. Georgia-Pacific,* 261 Or 431, 493 P2d 1366 (1972).

Affirmed.[1]

---

[1] Plaintiffs seek an award of damages under ORS 19.160. We decline.